**Opinion issued August 22, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

NO. 01-18-00033-CR

NO. 01-18-00034-CR

———————————

**SCOTT RICHARD PENDERGRAFT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from 262nd District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1512987 & 1512988**

## MEMORANDUM OPINION

Appellant, Scott Richard Pendergraft, pleaded no contest to the second-degree

felony offense of fraudulent use or possession of identifying information in the

underlying trial court cause number 1512987.[1]  Appellant also pleaded no contest

---

[1]  *See* TEX. PENAL CODE ANN. §§ 32.51(a)(1)(A), (E), (b)(1), (c)(3) (West 2011).

for the state-jail-felony offense of securing execution of a document by deception in the underlying trial court cause number 1512988.[2] Both of these no-contest pleas were entered without agreed punishment recommendations from the State, pending a presentence investigation ("PSI") report and hearing.

At the PSI hearing, the trial court found appellant guilty as charged and assessed his punishment at five years' confinement for the first charge and one year's confinement in state jail for the second charge, with both sentences to be served concurrently. These sentences are within the applicable sentencing ranges.[3] The trial court certified that these were not plea-bargained cases, and that appellant had the right of appeal. *See* TEX. R. APP. P. 25.2(a)(2)(A). Appellant timely filed a notice of appeal and the same, new counsel was appointed in both cases.

Appellant's appointed counsel has filed a motion to withdraw, along with an *Anders* brief in both cases, stating that the record presents no reversible error and that, therefore, these appeals are without merit and are frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority. *See id.* at 744, 87 S. Ct.

---

[2]     *See* TEX. PENAL CODE ANN. §§ 32.46(a)(1), (b)(4) (West 2011).

[3]     *See* TEX. PENAL CODE ANN. §§ 12.33(a), 12.35(a) (West 2011).

at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellant's counsel has informed us that he has delivered a copy of the motion to withdraw and *Anders* brief to appellant and informed him of his right to file a pro se response after getting access to the records. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Furthermore, counsel has certified that he has sent the form motion for pro se access to the records to appellant for his response. *See Kelly v. State*, 436 S.W.3d 313, 322 (Tex. Crim. App. 2014). Appellant has timely filed an amended pro se response to his counsel's *Anders* brief.

We have independently reviewed the entire records in these appeals, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeals are frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (reviewing court is not to address

merits of each claim raised in *Anders* brief or pro se response after determining there are no arguable grounds for review); *Mitchell*, 193 S.W.3d at 155.  An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals.  *See Bledsoe*, 178 S.W.3d at 827 & n.6.

Accordingly, we affirm the judgments of the trial court and grant counsel's motions to withdraw in both cases.[4]  *See* TEX. R. APP. P. 43.2(a).  Attorney Terrence Gaiser must immediately send the required notice and file a copy of that notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c).  We dismiss any other motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Kelly, and Goodman.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

[4]  Appointed counsel still has a duty to inform appellant of the result of these appeals and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).